**Date Signed:**
**March 17, 2022**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br>MAYUMI ITO,<br>    Debtor. | Case No. 21-01075<br>Chapter 7<br><br>Related Dkt. No.: 21 |

### ORDER SANCTIONING DEBTOR'S COUNSEL

This chapter 7 case has been plagued with difficulties from its inception due to the failure of the debtor's attorney, Craig Polanzi, to comply with the Bankruptcy Code and Rules and the local rules.

The debtor commenced this chapter 7 case on November 23, 2021, by filing a "bare petition," meaning a petition unaccompanied by schedules, the statement of financial affairs, or any of the other required documents. Although debtors may file certain schedules and statements within 14 days after the petition, rather than with the petition,[1] the debtor must file with the petition a list of the names and addresses of all

---

[1] *See* Fed. R. Bankr. P. 1007-I(c)

creditors.[2] This is an important requirement. Unless the debtor files the list of creditors with the petition, the clerk cannot notify creditors of the case filing, certain deadlines, and the meeting of creditors. Giving immediate notice is essential because (among other reasons) the automatic stay goes into effect and certain deadlines begin to run when the petition is filed.

The Clerk's Office made numerous attempts to contact Mr. Polanzi about his failure to file the list of creditors, but Mr. Polanzi did not respond. Mr. Polanzi eventually filed the missing documents, including the list of creditors and a disclosure that the debtor had paid him $1,850.00 for his services.

Mr. Polanzi also failed to produce another crucial document. LBR 5005-4(f)(2) provides that, if the petition is filed electronically, the debtor's attorney must have in the attorney's possession a completed paper copy of the petition bearing the debtor's signature and must file a declaration in a prescribed form within 7 days after the electronic filing of the petition. The rule further requires the attorney to retain the originally signed petition until one year after the date the case is closed and to produce the original if ordered to do so.[3]

This rule ensures that the debtor has authorized counsel to file a bankruptcy petition on the debtor's behalf. This protects the integrity of the bankruptcy system. It also protects counsel against a client's accusation that the filing was unauthorized.

---

[2] LBR 1007-2.
[3] LBR 5005-4(f)(3).

On December 20, 2021, the court ordered Mr. Polanzi to file the required declaration.[4] In response,[5] Mr. Polanzi "sincerely apologize[d]" for his failure to file the declaration, explained that he had prepared the declarations after receipt of the court's order, and requested two weeks to obtain the debtor's signature on the declaration. The court became concerned that, if Mr. Polanzi had not obtained his client's signature on the declaration before filing the petition, he may have also failed to obtain her signature on the petition itself. The court then ordered him to "produce the paper copies of the originally signed petition . . . ."[6] He simply ignored the order to produce the signed petition. His admitted failure to obtain his client's signature on the declaration until after he filed the petition, and his failure to produce the signed petition, make it abundantly clear that the debtor never actually signed the petition and related documents.

Mr. Polanzi has also failed to file the certificates of prepetition credit counseling and postpetition debtor education that the Bankruptcy Code requires.[7] Because of Mr. Polanzi's failure, the debtor has not received her discharge.

This is the second case that Mr. Polanzi has filed with these deficiencies.[8] Despite his representations in the previous case that his office had changed

---

[4] ECF No. 15.
[5] ECF No. 17.
[6] ECF No. 21.
[7] 11 U.S.C. §§ 521(b), 727(a)(11).
[8] *See* Order to Show Cause, Case No. 21-01035, ECF No. 22.

3

U.S. Bankruptcy Court - Hawaii   #21-01075   Dkt # 26   Filed  03/17/22   Page 3 of 7

procedures to ensure these oversights did not occur, Mr. Polanzi's conduct in this case demonstrates such changes were not made. Moreover, Mr. Polanzi further demonstrates his disregard for the gravity of his shortcomings by not bothering to put the correct debtor's name in his filings. Specifically, in response to the court's orders to show cause why the case should not be dismissed (ECF 4 and 15), Mr. Polanzi filed Responses (ECF 7 and 17) which identified himself:

> Attorney for Petitioners
> MITSUNORI HOSONO &
> NAOKA HOSONO

Based on Mr. Polanzi's deficient performance, I ordered him "to show cause why (1) I should not impose sanctions including, but not limited to, being required to refund to the debtor his fees for services in this bankruptcy case and (2) I should not make a referral to the Office of Disciplinary Counsel." The order required him to appear at a hearing on March 7, 2022 and to file a written response at least 7 days before the hearing. Once again, Mr. Polanzi simply ignored the order: he neither filed a response nor appeared at the hearing.

Federal courts have inherent powers "which are necessary to the exercise of all others."[9] Bankruptcy courts have the inherent power to sanction vexatious conduct

---

[9] *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).

presented before the court.[10] Because courts' inherent powers are not subject to direct democratic controls, courts exercising them must do so with restraint and discretion.[11]

Courts can employ their inherent powers to sanction attorneys who disregard procedural rules.[12] Procedural rules "do not exist merely to serve the whimsy of [] judges. Some of the requirements . . . are essential for proper disposition of an appeal. Others . . . make our operation more efficient."[13]

When sanctions are appropriate, the amount and type of sanctions are a discretionary determination by the court. While often sanctions are monetary, it is within the court's discretion to suspend the offending attorney's right to practice before the court or use court systems.[14]

Pursuant to 11 U.S.C. § 329, bankruptcy courts may review transactions between the debtor and an attorney that occurred within a year before the petition

---

[10] *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th Cir. 1996).
[11] *See Roadway Exp., Inc.*, 447 U.S. at 764.
[12] *See Hamblen v. County of Los Angeles*, 803 F.2d 462, 464 (9th Cir. 1986); *Toombs v. Leone*, 777 F.2d 465, 471 (9th Cir. 1985) (holding that a district court may use its inherent powers to impose sanctions of attorney's fees in response to an egregious violation of its rules).
[13] *Hamblen*, 803 F.2d at 464.
[14] *See Matter of Tranakos*, 639 F.2d 492, 493 (9th Cir. 1981) ("Upon due consideration, [offending attorney] is hereby suspended indefinitely from practice before this court. After a reasonable length of time has expired, if [he] can demonstrate to this court that he is knowledgeable regarding the Federal Rules of Appellate Procedure and the rules of this court, and that he will abide by the orders of this court promptly and diligently, this court will consider lifting the suspension.").

date. If the court determines that the compensation paid exceeds the reasonable value of the services rendered, the court may order the return of any payment to the debtor.

There is no question that Mr. Polanzi violated multiple rules. There is likewise no question that his violations were willful: the court gave him many opportunities to correct or explain his errors, but his efforts were insufficient at best.

Moreover, Mr. Polanzi's conduct is comparable in kind to the conduct of attorneys sanctioned in previous Ninth Circuit cases. For example, in *Hale v. U.S. Trustee*, the court affirmed an imposition of sanctions where the attorney "failed to provide the debtors with competent legal representation covering the normal, ordinary and fundamental aspects of the case, failed to create adequate and complete documents for filing, and failed to obtain the informed consent of his clients to the purported limitations on representation."[15] Mr. Polanzi's conduct in this case is similar to that described in *Hale*. The rules that Mr. Polanzi violated are designed to protect the integrity of the bankruptcy system and to ensure its effective administration. Mr. Polanzi frustrated these purposes by failing to obtain his client's written consent to file the petition and failing to submit the list of creditors to that the court could provide the required notice.

In some respects, Mr. Polanzi's conduct is less egregious than that described in the cited cases. However, the deficiencies in his representation are continuing to harm

---

[15] 509 F.3d 1139, 1144 (9th Cir. 2007).

U.S. Bankruptcy Court - Hawaii   #21-01075   Dkt # 26   Filed  03/17/22   Page 6 of 7

his client. Because of Mr. Polanzi's failure to file required certificates of credit counseling and debtor education, Ms. Ito has not received her discharge – the primary goal of a chapter 7 filing.

In the Order to Show Cause, Mr. Polanzi was warned that the court could find that the fees he collected were unreasonable under 11 U.S.C. § 329, impose other appropriate monetary sanctions, and make a referral to the Office of Disciplinary Counsel. Mr. Polanzi ignored the order and did not provide any reason not to impose these sanctions. I conclude that the fees Mr. Polanzi collected from Ms. Ito are unreasonable given the serious deficiencies described above, which continue to prevent her from receiving her discharge.

Within fourteen days from entry of this order, Mr. Polanzi must refund to the debtor all the fees he collected from her and file a declaration stating under penalty of perjury that he has done so. He may, however, retain the amount of the filing fee that he paid on the debtor's behalf. Additionally, I will suspend Mr. Polanzi's electronic filing privileges.[16] His failure to obtain his client's original signature on the petition proves that he is unable or unwilling to fulfill the most important obligations of an electronic filer. I will give further consideration to the question whether a disciplinary referral is warranted.

**END OF ORDER**

---

[16] A single exception will be made to allow Mr. Polanzi to file the required certificates of Credit Counseling and Debtor Education so that his client is not prejudiced.